

Shawn C. Groff (SBN 248022)
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174

Attorneys for Defendants San Francisco Culinary Bartenders and Service Employees Pension Fund

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JUANITA E. SUGUITAN AND JOHN E. SUGUITAN,

Plaintiffs,

v.

SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES PENSION FUND,

Defendants.

Case No. C 07-05113 JSW

**SEPARATE CASE MANAGEMENT STATEMENT OF DEFENDANT SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES PENSION FUND AND RULE 26(F) REPORT**

Date: January 11, 2008
Time: 1:30 p.m.
Courtroom: 2, 17th Floor

Defendant San Francisco Culinary Bartenders and Service Employees Pension Fund (hereinafter referred to as "Pension Fund") hereby submits this Separate Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case. Defendant has made multiple attempts to meet and confer with Plaintiffs regarding Rule 26(F) and discovery in general but Plaintiffs have only responded to indicate they believe they are excused from the CMC process.

**1. JURISDICTION AND SERVICE**

The jurisdiction of this Court is invoked pursuant to sections 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. Defendant is not aware of any issues regarding jurisdiction, venue or service.

**2. FACTS**

Plaintiffs are apparently residents of the Phillippines. Defendant is a multi-employer pension benefit fund.

In 1971, Pedro Suguitan retired from employment and commencement of his pension benefit from Defendant Pension Fund began. At the time of his filing for his pension benefit, Mr. Suguitan was married to his first wife. He was eligible to receive his pension benefit in the form of a single life annuity or payment or a joint and survivor annuity. At the time of said retirement, Mr. Suguitan elected the single life option.

Subsequent to his retirement in 1977, his first spouse died. Then in 1983, Mr. Suguitan married the Plaintiff Juanita E. Suguitan. Subsequently, Mr. Suguitan passed away.

Plaintiff Juanita Suguitan has requested survivor benefits from the Pension Fund for both her and her son, presumably Plaintiff John E. Suguitan. The Pension Fund has consistently denied such a request as no such benefits are available to either Plaintiff.

**3. LEGAL ISSUES**

This action was brought under the Employee Retirement Income Security Act of 1974 ("ERISA").

**4. MOTIONS**

There have been no motions filed and none anticipated until further discovery is completed. However, Defendant Pension Fund does intend to file a dispositive motion in this matter.

**5. AMENDMENT OF PLEADINGS**

None expected at this time. Defendant may consider amendment of its Answer and Affirmative Defenses following review of Plaintiffs' initial disclosures.

**6. EVIDENCE PRESERVATION**

Defendant is not aware of issues relating to the preservation of evidence at this time.

**7. DISCLOSURES**

Defendant has served initial Disclosures in accordance with Fed. R. Civ. P. 26 on both Plaintiffs. Plaintiffs have not complied with Fed. R. Civ. P. 26.

**8. DISCOVERY**

Defendant intends to take all forms of discovery consistent with the Federal Rules of Civil Procedure.

**9. CLASS ACTIONS**

This is not a class action.

**10. RELATED CASES**

There are no related cases.

**11. RELIEF**

Plaintiffs seek estimated damages of $1,000,000.00 in moral and exemplary damages.

**12. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

Defendant Pension Fund has filed a Notice of Need for ADR Phone Conference. Defendant Pension Fund intends to file a Motion with this Court requesting that this matter be removed from the ADR Multi-Option Program.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant Pension Fund does not believe that reference to magistrate judge is appropriate at this time.

**14. OTHER REFERENCES**

Likewise, Defendant Pension Fund does not believe that reference to binding arbitration, a special master or Judicial Panel on Multidistrict Litigation is appropriate.

**15. NARROWING OF ISSUES**

Defendant Pension Fund believes the issues in this case are sufficiently straightforward and further narrowing is not necessary.

**16. EXPEDITED SCHEDULE**

Defendant Pension Fund defers to the Court's discretion on whether the matter can be expedited.

**17. SCHEDULING**

If this case cannot be expedited, Defendant Pension Fund proposes the following discovery and motions schedule:

| | |
|---|---|
| Discovery Cutoff (deadline for receipt of responses to discovery requests; last day to take depositions and/or hearing on discovery-related motions): | **June 30, 2008** |
| Disclosure of expert witnesses: | **July 14, 2008** |
| Filing of Dispositive Pre-Trial motions: | **September 15, 2008** |
| Pre-Trial Conference Date: | **December, 2008** |
| Trial Date: | **January, 2009** |

**18. TRIAL**

Plaintiffs estimate that trial will last two (2) court days.

Dated: January 4, 2008

Respectfully submitted,
**LEONARD CARDER, LLP**

By: [signature]
Shawn C. Groff
Attorneys for Defendant San Francisco Culinary, Bartenders and Service Employees Pension Fund

**PROOF OF SERVICE**

I am a citizen of the United States and am employed in Alameda County. I am over the age of eighteen (18) years and not a party to the within action. My business address is 1330 Broadway, Suite 1450, Oakland, CA 94612. I served the following document(s):

**SEPARATE CASE MANAGEMENT STATEMENT OF DEFENDANT SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES PENSION FUND AND RULE 26(F) REPORT**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner and/or manners described below to each of the parties herein and addressed as below or stated on the attached service list:

John Suguitan
2509 La Union
Gonzales, Tubao
Philippines 601
Email: john_suguitan12@yahoo.com.ph

__x__ **BY ELECTRONIC MAIL:** I caused said document(s) to be transmitted to email address(es) designated.

_____ **BY FACSIMILE:** I caused said document(s) to be transmitted to the fax number(s) of the addressee(s) designated.

__x__ **BY RETURN RECEIPT FOR INTERNATIONAL MAIL:** I caused such envelope to be deposited in the mail at my business address, addressed to the addressee(s) designated. I am readily familiar with LEONARD, CARDER's practice for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Services on that same day in the ordinary course of business.

_____ **BY OVERNIGHT COURIER SERVICE:** I caused such envelope(s) to be delivered via overnight courier service to the addressee(s) designated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on January 4, 2008.

/s/ Lorelei Badar
Lorelei Badar