Peter Saltzman (SBN 169698)
Shawn C. Groff (SBN 248022)
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174

Attorneys for Defendants San Francisco Culinary Bartenders and
Service Employees Pension Fund

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA E. SUGUITAN AND JOHN E. SUGUITAN,<br><br>Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES PENSION FUND,<br><br>Defendants. | Case No. C 07-05113 JSW<br><br>SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES PENSION FUND'S RESPONSE AND OPPOSITION TO PLAINTIFFS' GENERAL MOTION |

NOW COMES the San Francisco Culinary, Bartenders and Service Employees Pension Fund (hereinafter referred to as "Defendant Fund") and hereby respectfully asserts its Opposition to Plaintiffs' General Motion.

On February 7, 2008, a General Motion was filed by Juanita E. and John E. Suguitan ("Plaintiffs"), requesting that counsel or amicus curiae be appointed "to present arguments in support of Plaintiffs." Defendant Fund hereby requests that the court deny Plaintiffs' request.

A plaintiff in a civil case has no right to counsel. In <u>Nicholson v. Rushen</u>, 767 F.2d 1426 (9th Cir. 1985), the Ninth Circuit, citing several cases from other jurisdictions, held that "a plaintiff in a civil case has no right to effective assistance of counsel." <u>Id.</u> at 1427 (citations omitted). The court's reasoning in that case rested on the presumption that, "unless the indigent litigant may lose his physical liberty if he loses the litigation, *there is generally no right to*

*counsel in a civil case.*" Id., citing, Lassiter v. Department of Social Services, 452 U.S. 18 (1981) (holding that due process did not require appointment of counsel in parental status termination proceeding) (emphasis added).

Even in the criminal context, in which the right to counsel is unquestioned, as established by Gideon v. Wainwright (1963) 372 U.S. 335, a defendant does not have an unlimited right to choose his or her own counsel. E.g., United States v. Vargas-Martinez (1978) 569 F.2d 1102, 1104 (9th Car.1978) ("While a defendant's choice of counsel should not be subject to unnecessary interference, this right is not unlimited." (citation omitted) Thus, if even in the criminal context, there is no guarantee of the counsel of one's choice; then certainly in the instant matter (in which the court is under no obligation to provide Plaintiffs with counsel) Plaintiffs' request for Georgetown University or Hogan & Harton to represent them in this civil matter should be denied.

Therefore, Defendant Fund implores the Court to determine that Plaintiffs are not entitled to court-approved counsel.

On January 14, 2008, this Court issued its Order to Show Cause requesting that Plaintiffs demonstrate cause as to why this matter should not be dismissed for failure to prosecute.

Courts have generally held that "in exercising its discretion to dismiss, a court should consider: (1) the public's interest in expeditious resolution of cases; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives." Yourish v. California Amplifier, 191 F.3d 983,990 (9th Cir. 1999). See also, Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447,1451 (9th Cir. 1994). Courts have also clearly held that a court has a power to dismiss an action for want of prosecution on its own motion. State Steamship Company v. Philippine Air Lines, 426 F.2d 803 (9th Cir. 1970), citing, Pearson v. Dennison, 353 F.2d 24, 28 (9th Cir. 1965) and Hicks v. Bekins Moving & Storage Co., 115 F.2d 406, 408-409 (9th Cir. 1940).

In its General Motion, Plaintiffs make only a passing reference to a so-called "waiver" of participation in this lawsuit for reason of financial hardship. However, Plaintiffs have provided no evidence of any such hardship or any authority for their proposition that such hardship allows them to completely fail to appear or participate in any stage of the prosecution of this matter.

Moreover, any such financial hardship does not relieve Plaintiffs of the basic components of prosecution of a case which they filed. Thus far, Plaintiffs have not met or conferred with the undersigned regarding discovery, failed to participate in the filing of a Joint Case Management Conference and failed to appear at the initial Case Management Conference held on January 11, 2008. Plaintiffs have not demonstrated any attempt to obtain counsel or prosecute their own lawsuit. For these reasons alone, this matter should be dismissed for failure to prosecute.

WHEREFORE, based upon the foregoing, Defendant San Francisco Culinary, Bartenders and Service Employees Pension Fund respectfully requests that this Court deny Plaintiffs' General Motion and Dismiss this matter for failure to prosecute.

Dated: February 15, 2008

Respectfully submitted,
**LEONARD CARDER, LLP**

By: //Shawn C. Groff
      Shawn C. Groff
      Attorneys for Defendants San Francisco
      Culinary Bartenders and Service Employees
      Pension Fund

# PROOF OF SERVICE

I am a citizen of the United States and am employed in Alameda County. I am over the age of eighteen (18) years and not a party to the within action. My business address is 1330 Broadway, Suite 1450, Oakland, CA 94612. I served the following document(s):

**SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES PENSION FUND'S RESPONSE AND OPPOSITION TO PLAINTIFFS' GENERAL MOTION**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner and/or manners described below to each of the parties herein and addressed as below or stated on the attached service list:

| | |
|---|---|
| John Suguitan | Juanita Suguitan |
| 2509 La Union | 2509 La Union |
| Gonzales, Tubao | Gonzales, Tubao |
| Philippines 601 | Philippines 601 |

Email: john_suguitan12@yahoo.com.ph

__x__ **BY ELECTRONIC MAIL:** I caused said document(s) to be transmitted to email address(es) designated.

_____ **BY FACSIMILE:** I caused said document(s) to be transmitted to the fax number(s) of the addressee(s) designated.

__x__ **BY INTERNATIONAL MAIL:** I caused such envelope to be deposited in the mail at my business address, addressed to the addressee(s) designated. I am readily familiar with LEONARD, CARDER's practice for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Services on that same day in the ordinary course of business.

_____ **BY OVERNIGHT COURIER SERVICE:** I caused such envelope(s) to be delivered via overnight courier service to the addressee(s) designated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on February 15, 2008.

/s/ Lorelei Badar
Lorelei Badar