United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUANITA E. SUGUITAN, et al.,

    Plaintiffs,

    v.

SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES PENSION FUND,

    Defendant.

No. C 07-05113 JSW

**ORDER DISCHARGING ORDER TO SHOW CAUSE AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

This matter came before the Court for a case management conference on Friday, January 11, 2008. On October 11, 2007, this Court issued an Order setting the January 11, 2008 date for the case management conference, which requires parties and/or their lead counsel to appear. That Order also requires submission of a case management statement seven days before the case management conference. Plaintiffs, appearing *pro se*, failed to appear for that case management conference.

Accordingly, on January 14, 2008, the Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute. On February 6, 2008, the Court received a timely response from Plaintiffs indicating their desire to prosecute this action and requesting that the Court appoint counsel. Therefore, the Court hereby discharges the Order to Show Cause and will not issue any sanctions at this time. However, Plaintiffs are advised that any future failure to appear or to file required documents will be sanctioned, up to and possibly including, by dismissal of this case.

Further, there is no constitutional right to counsel in a civil case, unless an indigent litigant may lose his physical liberty if he loses the litigation, a situation not presented by this case. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in Section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc.) However, pursuant to 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel."

This Court has discretion in considering whether to appoint counsel under section 1915(e)(1) and, in general, that discretion should be exercised only in exceptional circumstances. *Rand*, 113 F.3d at 1525. In making that determination, the Court considers the likelihood of a plaintiff's success on the merits and the plaintiff's ability to articulate his or her claims in light of the complexity of the legal issues involved. *Id.*; *see also Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

While this Order should not be construed as a prejudgment of Plaintiffs' claims, at this time the Court declines to exercise its discretion to appoint counsel as this case does not appear to present an exceptional circumstance meriting appointment of counsel. Accordingly, Plaintiffs' request for appointment of counsel is DENIED WITHOUT PREJUDICE.

In addition, without making any endorsement in this regard, Plaintiffs are advised that the San Francisco Bar Association operates a lawyer referral service which may be helpful in securing pro bono counsel.

**IT IS SO ORDERED.**

Dated: February 19, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE