## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA E. SUGUITAN AND JOHN E. SUGUITAN,<br>Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES PENSION FUND,<br>Defendants. | Case No. C 07-05113 JSW |

### RESPONSE TO DEFENDANTS OPPOSITION TO PLAINTIFFS' GENERAL MOTION

Come now undersigned unrepresented Plaintiffs respectfully manifest:

That the Opposition of defendants to the General Motion of plaintiffs dated February 15, 2008 is vehemently contradicted by the following contentions:

That the urging of defendants to dismiss this case is contrary to Conley v. Gibson, 355 U.S. 41, 45-46 which states that a party moving for dismissal must show "beyond doubt that the plaintiffs can prove no set of facts, in support of their claim that would entitle them to relief;"

That although plaintiffs are in an unequal footing with their opponents, the dismissal of this case is a due process violation;

That plaintiffs' right of self-representation in a civil case is a fundamental right under the Constitution, and this fundamental right of self-representation extends to all matters, civil as well as criminal;

The general rule that findings of facts even so called ultimate facts, should be reviewed under the clearly erroneous standard of review;

Further our affirmative defenses under 5 U.S.C. 7701 (c)(2), the Court is required to overturn the opposition of defendants even where they have met the evidentiary standard setforth

in subsection (a) in any case where plaintiffs: 1. Show harmful error in the application of procedures; 2. Demonstrate that the motion to dismiss by defendants is based on any prohibited personnel practice under 5 U.S.C. 2302 (b) or; 3. Show that the motion to dismiss is not in accordance with law;

That plaintiffs request for Counsel or Amicus Curiae is valid as found in the U.S. Court of Appeals For The District of Columbia Circuit, docket no. 03-5153 in Alfonso T. Javier v. Commissioner of Social Security, decided on May 20, 2005.

That the stakes-in terms of impact on future cases and future conduct are not too great to entrust them finally to the judgment of the trier of fact in this case, therefore, the issues herein are sufficient for judicial review;

That the opposition of defendant is merely their litigating position or post hoc rationalization and not entitled to deference and is directly at odds with the plain meaning of the regulations. No deference is due such interpretation. See Davis v. Latschar, 202 F. 3d 359, 365 (D.C. Cir. 2000).

## CONCLUSION

That all the pleadings of plaintiffs mailed to this Court will demonstrate our capability to effectively prosecute this case even without assistance of counsel, and this Honorable Court can readily determine our power to relate our grievances in terms of legal parlance.

Respectfully submitted,

JUANITA E. SUGUITAN
*Pro Se Plaintiff IFP*

JOHN E. SUGUITAN
*Pro Se Plaintiff IFP*

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of February, 2008 we had served copy of the foregoing by first class mail postage prepaid to: Shawn C. Groff, LEONARD CARDER, LLP, Attorneys, 1330 Broadway Suite 1450, Oakland, California 94612, U.S.A.

We further certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*JUANITA E. SUGUITAN*
*Pro Se Plaintiff IFP*

*JOHN B. SUGUITAN*
*Pro Se Plaintiff IFP*