IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA E. SUGUITAN AND<br>JOHN E. SUGUITAN,<br>  Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO CULINARY BARTENDERS<br>AND SERVICE EMPLOYEES PENSION FUND,<br>  Defendants. | Case No. C 07-05113 JSW |

## MOTION TO SEEK U.S. VISA

Come now undersigned Plaintiffs most respectfully re-submit their letter to the Clerk of Court of this Court dated December 18, 2007 that specifies our pleading for John E. Suguitan to be given a U.S. Visa for the purpose of conferring with defendants particularly at this stage of the proceedings to comply the requirement for personal appearance before this Court, and we mark this document as Annexes "A" and "A-1".

Done this 7th of March, 2008 in Tubao, 2509 La union, PHILIPPINES for California, U.S.A.

JUANITA E. SUGUITAN
Pro Se Plaintiff IFP

JOHN E. SUGUITAN
Pro Se Plaintiff IFP

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of March, 2008 we had served copy of the foregoing by first class mail postage prepaid to: Shawn C. Groff, LEONARD CARDER, LLP, Attorneys, 1330 Broadway Suite 1450, Oakland, California 94612, U.S.A.

We further certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_Juanita E Suguitan_
JUANITA E. SUGUITAN
Pro Se Plaintiff IFP

_John Suguitan_
JOHN B. SUGUITAN
Pro Se Plaintiff IFP



Post Office
Letter/Package No.
Posted on
Preserve this receipt for reference in case of inquiry.
Postmaster/Teller

Gonzales
Tubao, 2509
La Union
**PHILIPPINES** 601

December 18, 2007



*Annex 'A'*

**The Clerk of Court**
Office of the Clerk, U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102
**U.S.A.**

Your Honor:
    The legal counsel of the San Francisco Culinary, Bartenders and Service Employees Pension Fund had filed the waiver of summons, and in accordance with the schedule of the ADR process shall expire on December 21, 2007; as of this date the defendants were not able to contact me regarding the ADR, perhaps due to mail delays of this Christmas season;
    Due to this event we hereby plead to this court to make all the necessary measures to analyze our position;
    If the defendants are not amenable to ADR we are willing to assert and adjudicate our grievance, of course, the proceedings shall continue, even without the assistance of counsel as we are Pro-se;
    The ADR is for the purpose of stipulating the doctrine of quasi-suspect class, meaning that we are not in equal footing with all attorneys of the company;
    Under the present circumstance, we are obligated to report the unwillingness of defendants to initiate ADR, and we are willing to come to U.S. in order to appear in the January 11, 2008 Initial Case Management Conference; provided that this court will allow John E. Suguitan to come for discussion of the Management Conference, and he shall be accorded with the Visa to enter U.S. upon instruction of this court;
    But our financial resources are drained, yet in the interest of justice this court has the authority to order the Console General of Manila to shoulder all travelling expenses and any miscellaneous expenses concomitant with this case;
    This court has the full authority to order the U.S. Console in Manila to give John E. Suguitan a U.S. Visa for him to confer with defendants;
    With this new development, it is of common knowledge that 98% of the issue of ADR is to be resolved;
    Even a precedent case law of Rinaldi v. Yeager this governmental agency is bound by law to give the defendant a chance for a hearing for vindication of his grievance upon the theory of pointing out a point. See Bowers v. Pennsylvania;
    In sum we are going to pursue this suit because the subject matter of this case will have a repercussions and will proffer a class suit, yet if possible, in order not to disparage the good name of defendants kindly make this issue as confidential;
    However, maybe the company defendants are under siege, yet the late member is seeking his fundamental rights to convey unto his survivor the benefits;

The question is we are after the company's provisions in its policy contract, and this court has the full authority to determine as to whether if is in accordance with common law and to scrutinize the violations of the U.S. Constitution under the 5th amendment component of the equal protection;

In view of the foregoing considerations our case is worthy for judicial review under Section 7261.

Very truly yours,

*(Annex "A-1")*

JUANITA E. SUGUITAN

JOHN E. SUGUITAN