FILED

08 APR 14 PM 12: 36

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA E. SUGUITAN AND ) | Case No. C 07-05113 JSW |
| JOHN E. SUGUITAN, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| SAN FRANCISCO CULINARY BARTENDERS ) | |
| AND SERVICE EMPLOYEES PENSION FUND, ) | |
|     Defendants. ) | |

## GENERAL MANIFESTATIONS

Come now Pro Se Plaintiffs and unto this Honorable Court most respectfully manifest:

That the denial of this court in appointing counsel and Visa to enter the U.S. for personal appearance seem not harmless because we are prejudiced and affected. See Edenfield v. Brown, 8 Vet. Appeal 384, 391 (1995) (en banc); however, our non-appearance can be cured by FRC 4(j) and Rule 4(d)(4), and a hearing can be substituted by filing our Briefs to be judicially reviewed based on the records and pleadings as a whole;

In addition, the court's denying access to Pro Se litigants is not even rational to relate to the advancement of a legitimate state interest and arbitrary and does not further the stated goal of reducing the burden on court staff. Dismissal of a case under Sec. 1983 for failure to state a claim upon which relief can be granted violates our rights to equal protection of the laws and due process under the 14th Amendment of the U. S. Constitution. As the court is well aware, when evaluating an equal protection claim where no fundamental right is infringed and where the claimant is not a member of a suspect (quasi-suspect) class, the legislation or policy challenged must only be rationally related to a legitimate state interest. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 105 S. Ct. 3249(1985). While an equal protection challenge

generally arises in the context of statutory enactments, it applies equally to judicial action. E.g. Shelley v. Kraemer, 334 U.S. 1, 68 S. Ct. 836; Virginia v. Rives, 100 U.S. 313; Ex parte Virginia, 100 U.S. 339.

That the order of this court dated February 19, 2008, first paragraph thereof says "There is no constitutional right to counsel in a civil case" does not apply in this case as refuted by Ross E. Mitchell v. Robert A. Mulligan in U.S. Court of Appeals for the First Circuit docketed under No. 97-1737;

The appointment of Amicus Curiae or Counsel is proper as done so by the U.S. Court of Appeals for the District of Columbia Circuit in Love Dumaguin v. Sec. of Health and Human Services docketed under No. 93-5032(1994); our case and financial situation should be considered as of exceptional circumstance, thus, 28 U.S.C. Subsec.1915(e)(1) applies in here, (see attached affidavit of Councilors marked as Annex "A") hence, suspension of the rules is required to satisfy Rinaldi v. Yeager;

At any rate, I sought the legal services of the Pro Bono Program (Annex "B");

A classification must be upheld against equal protection challenge if there is any reasonable conceivable state of facts that could provide a rational basis for the classification. Heller v. Doe, 113 S. Ct. 2637, 2642(1993).

Done this 1st of April, 2008 in Gonzales, Tubao, 2509 La Union PHILIPPINES for California, U.S.A.

JUANITA E. SUGUITAN
Pro Se Plaintiff IFP

JOHN B. SUGUITAN
Pro Se Plaintiff IFP

## CERTIFICATE OF SERVICE

This is to certify that on this 1st of April, 2008 we had served copy of the foregoing by first class mail postage prepaid to: Shawn C. Groff, LEONARD CARDER, LLP, Attorneys, 1330 Broadway Suite 1450, Oakland, California 94612, U.S.A.

We further certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*[signature]*
JUANITA E. SUGUITAN
Pro Se Plaintiff IFP

*[signature]*
JOHN E. SUGUITAN
Pro Se Plaintiff IFP

REPUBLIC OF THE PHILIPPINES )
PROVINCE OF LA UNION )
MUNICIPALITY OF TUBAO )



(Annex "A")

## JOINT AFFIDAVIT

We of legal ages both married Filipinos and residents of Brgy. Gonzales, Tubao, La Union, Philippines hereby depose and state:

That we are the incumbent Brgy. Councilors of Gonzales, Tubao, La Union;

That we know personally **JOHN E. SUGUITAN** being our proximate neighbor;

That we know the fact that **JOHN E. SUGUITAN** has no sizable networth and without any lucrative source of income, unemployed, with 3 dependents (wife and two minor children) but he owns an ownerjeepney;

That he is a graduate of Bachelor of Science in Physical Therapy;

That we are executing this affidavit to attest and confirm our above statements without being promised any renumeration.

Done this 1st of April, 2008 in Tubao, La Union Philippines.

| | |
|---|---|
| **MICHAEL M. MAPALO** | **JOSE JOJO A. RAMOS** |
| Affiant | Affiant |
| CTC No. 16678465 | CTC No. 16678183 |
| Issued at Tubao, La Union | Issued at Tubao, La Union |
| Issued on January 7, 2008 | Issued on January 4, 2008 |

SUBSCRIBED AND SWORN to before me this 1st day of April, 2008 in Tubao, La Union Philippines affiants having exhibited before me their respective residence tax certificates and who acknowledged before me that the foregoing is their free act and deed.

DOC NO. 30/
PAGE NO. 61/
BOOK NO. VI/
SERIES OF 2008

ATTY. GERMALYN F. LAYUG
Notary Public, Until December 31, 2009
PTR No. 104322; 1-3-08
IBP No. 707746; 1-2-08
Roll No. 46658; 8-24-2003



Gonzales
Tubao
2509 La Union
**PHILIPPINES** 601

March 31, 2008

**Attorney David H. Myers**
Deputy Director
Case Evaluation and Placement Component
701 Pennsylvania Avenue, N.W. Suite 131
Washington, D.C. 20004
U.S.A.



Annex "B"

Dear Attorney:

In accordance with the orders of the United States District Court Northern District of California under docketed No. C 07-05113 JSW for which we are unrepresented Plaintiffs against San Francisco Culinary Bartenders, and Service Employees Pension Fund, Defendants we have the option to engage this services of the Pro Bono Program, and please accept our plea to help us in this case under the EAJA. Kindly provide me the necessary forms e.g. Consent to Information, Agreement, etc.

Thank you for your great accommodation.

Very truly yours,

JUANITA E SUGUITAN

JOHN E SUGUITAN