Shawn C. Groff (SBN 248022)
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174

Attorneys for Defendant San Francisco Culinary Bartenders and
Service Employees Pension Fund

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA E. SUGUITAN, ET AL., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SAN FRANCISCO CULINARY BARTENDERS ) <br> AND SERVICE EMPLOYEES PENSION FUND, ) <br> ) <br> Defendants. ) <br> ) | Case No. C 07-05113 JSW <br><br> **SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES' PENSION FUND'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** <br><br> Date: September 19, 2008 <br> Time: 9:00 a.m. <br> Courtroom: 2, 17th Floor |

---

1

DEFENDANT'S NOTICE AND MOTION FOR SUMMARY JUDGMENT

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................. 1

II. STATEMENT OF THE CASE ........................................ 1

III. SUMMARY OF FACTS ............................................. 2

IV. LAW AND ARGUMENT ............................................. 6

    A. MOTION FOR SUMMARY JUDGMENT STANDARD ............. 6

    B. ARBITRARY AND CAPRICIOUS STANDARD ................... 7

    C. PLAINTIFFS' CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED .............................. 9

    D. PLAINTIFF JOHN SUGUITAN HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES ............................. 13

    E. PLAINTIFFS' REQUEST FOR DAMAGES IS INAPPROPRIATE .................................................... 14

V. CONCLUSION .................................................... 15

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169   FAX (510) 272-0174



## NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on September 19, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, in courtroom 2 on the 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant San Francisco Culinary Bartenders and Service Employees Pension Fund ("Defendant Pension Fund") will and does hereby moves the Court, pursuant to Rule 12 and the Rules of Civil Procedure, for summary judgment of Plaintiffs' Civil Complaint on the ground that it fails to state a claim upon which relief can be granted under Federal Rules of Civil Procedure Rule 12(b)(6) and on the ground that there is no genuine issue as to any material fact. Defendant is entitled to judgment as a matter of law.

This Motion is based upon this notice and motion, the accompanying memorandum of points and authorities, the pleadings, declarations and other papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**I.      INTRODUCTION**

This is an action brought by two pro se Plaintiffs who allege to be relatives of the late Pedro T. Suguitan and to be entitled to benefits from Defendant. The Plaintiffs' Complaint fails to state any claim upon which relief may be granted.

**II.     STATEMENT OF THE CASE**

This matter was originally filed in the United States District Court for the District of Columbia on or after June 6, 2007. The matter was then transferred to the United States District

---

1

DEFENDANT'S NOTICE AND MOTION FOR SUMMARY JUDGMENT

Court for the Northern District of California and filed on or about November 4, 2007. Doc. 1

On January 3, 2008, Defendant Pension Fund served its Initial Disclosures upon plaintiffs. On January 11, 2008, this Court held a Case Management Conference. However, Plaintiffs did not appear for such Case Management Conference. Doc. 10. Furthermore, on June 30, 2008, Defendant Pension Fund served a few additional disclosure items upon Plaintiffs.

To date, Plaintiffs have not provided Defendant with *any* initial disclosures or conducted *any* discovery related to this matter. Plaintiffs have made no effort to prosecute this matter and, instead, hope for some settlement of their baseless claims.

Plaintiffs allege, at the time of the filing of this Complaint, that the Board of Trustees of the Defendant Pension Fund denied "my claim for benefits including my son derived From the Family Protection Plan of my late member/ husband PEDRO T. SUGUITAN." Civil Complaint at ¶ 3.

In addition, the Plaintiffs allege that the "Pension Trust Policy" of an unidentified company is "one-sided, unconstitutional, and deprives the rights of its employees, and not in accordance with the Collective Bargaining Agreement of the Union members." Civil Complaint at ¶ 4.

Finally, Plaintiffs allege that "defendant violated Section 502 (a) of the Employee Retirement Income Security Act of 1974, and likewise, this instant complaint is of continuing public interest that must need national attention for its repercussive effect detrimental to the rights of all the workers and employees of the United States of America." Civil Complaint at ¶ 5.

Such claims are simply without merit.

### III.     SUMMARY OF FACTS

Defendant San Francisco Culinary and Bartenders Service Employees Pension Fund ("Defendant Pension Fund") is an employee benefit pension plan established and maintained

2
DEFENDANT'S NOTICE AND MOTION FOR SUMMARY JUDGMENT

pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(2) and pursuant to section 302 of the Labor Management Relations Act. Second Declaration of Kirsten Brooks at ¶1.

On or about May 1, 1971, Pedro Suguitan, a former Participant in the Pension Fund, retired from employment and commenced his pension benefits from the Pension Fund. The Pension Fund's records indicate that at the time of Pedro Suguitan's retirement he was married to Prudencia Suguitan. Declaration of Kirsten Brooks ("Brooks Dec.") at ¶¶2 and 4.

At the time of Pedro Suguitan's retirement the available forms of pension benefit from the Pension Fund were a single life annuity, which consisted of lifetime monthly payments to the participant with no survivor benefit, or a joint pension, which consisted of lifetime monthly payments to the participant and a survivor benefit to his spouse at the time of his retirement. The joint pension was a benefit form added to the Pension Fund Plan document by a 1969 Amendment to the Plan document, which was previously enacted in 1958. These benefit form provisions are also set forth in Article 4 and 6 of the current Pension Fund's Summary Plan Description ("SPD") and Plan document. Brooks Dec. at ¶3 and Exhibits A- B.

Pedro Suguitan elected to receive his benefit in the form of a life annuity upon his retirement in 1971. Brooks Dec. at ¶5.

The Pension Fund's records indicate that Prudencia Suguitan died on July 24, 1972. Brooks Dec. at ¶6. On January 27, 1983, Pedro Suguitan and Juanita Estonilo were married in the Philippines. Second Declaration of Kirsten Brooks at ¶2 and Exhibit A.

Pedro Suguitan continued to receive monthly pension benefits in the amount of $96.45 per month from the Pension Fund, until his death on December 27, 1997. Second Declaration of Kirsten Brooks at ¶ 3. The monthly pension benefits paid to Pedro Suguitan from 1971 to his death in 1997 were the only benefits payable from the Defendant Pension Fund based upon Pedro

Suguitan's employment and corresponding contributions made to the Pension Fund prior to 1971 and resulting in the accrued benefit paid to Pedro Suguitan. Brooks Dec. at ¶¶7-8 and Exhibit C.

Neither the current Pension Fund Plan document nor the Plan document in effect at the time of Pedro Suguitan's retirement provided for any "Family Protection Plan" for any participant, former participant or retiree of the Plan or their dependents. In fact, neither the current Pension Fund Plan nor the Plan document in effect at the time of Pedro Suguitan's retirement provide for *any* benefit to surviving children or dependents of a participant, including John Suguitan. Brooks Dec. at ¶¶9-10 and Exhibit D.

Because Pedro Suguitan chose the life annuity form of benefit, *no* survivor or spousal benefits were available or owed to Prudencia Suguitan or any future spouses including, but not limited to, Juanita E. Suguitan. Even if Pedro Suguitan had elected to receive his pension benefits in the survivorship form, the only individual who would have been eligible for survivorship benefits would have been Prudencia Suguitan (his wife at the time of his retirement), had she survived Pedro Suguitan. Brooks Dec. at ¶11-12.

On or about April 21, 2006 Juanita E. Suguitan sent a letter to the Pension office requesting benefits from the Pension Fund. Brooks Dec. at ¶13 and Exhibit E.

On June 27, 2006 Juanita E. Suguitan's request for life insurance, widow and educational benefits was denied by the Pension Fund office. Brooks Dec. at ¶14 and Exhibit F.

On July 11, 2006 and August 17, 2006, Juanita E. Suguitan sent additional letters to the Pension Fund, in support of her claim for benefits. Brooks Dec. at ¶15-16 and Exhibits G-H.

On September 6, 2006 the Pension Fund office sent another letter to Juanita E. Suguitan, again explaining the denial of benefits and advising her of her appeal rights. Brooks Dec. at ¶17 and Exhibit I.

On September 29, 2006, Juanita E. Suguitan appealed the Plan's office's decision to the

Board of Trustees. Brooks Dec. at ¶18 and Exhibit J.

On October 18, 2006, the Pension Fund office sent Juanita E. Suguitan a letter requesting additional information regarding her appeal of the denial of benefits. On October 31, 2006, the Pension Fund office sent Juanita E. Suguitan another letter indicating that her appeal would be heard at the Pension Fund's November, 2006 Board of Trustees meeting. Brooks Dec. at ¶19-20 and Exhibits K-L.

On November 30, 2006, the Board of Trustees for the San Francisco Culinary, Bartenders and Services Employees Pension Fund considered the appeal filed by Juanita E. Suguitan and, upon a full and fair review, denied Juanita E. Suguitan's appeal. On December 7, 2006, the Plan office forwarded a letter to Juanita E. Suguitan informing her of the Board of Trustee's denial of her appeal regarding survivor benefits related to Pedro Suguitan. Brooks Dec. at ¶¶21-22 and Exhibit M.

On December 22, 2006 Juanita E. Suguitan sent the Fund office a letter regarding the denial of any benefits to be paid to her. Brooks Dec. at ¶23 and Exhibit N.

On February 5, 2007, the Fund office sent Juanita E. Suguitan another letter reiterating that her claim for benefits had been denied and the reasons for such denial. On April 5, 2007 the Pension Fund's counsel sent a letter to Juanita E. Suguitan to explain the Pension Fund's denial of her appeal. Brooks Dec. at ¶¶24-25 and Exhibits O-P.

On April 6, 2007 the Pension Fund's counsel sent a letter to John Suguitan to explain the Pension Fund's denial of Juanita E. Suguitan's appeal and inviting John Suguitan to notify the Fund's office of any claim for benefits from the Pension Fund. On May 11, 2007 the Pension Fund's counsel sent another letter to John Suguitan to explain the Pension Fund's denial of Juanita E Suguitan's appeal and again inviting him to notify the Fund office of any claim for benefits. Brooks Dec. at ¶¶26-27 and Exhibits Q-R.

On July 5, 2007, John Suguitan sent a letter to counsel for the Pension Fund setting forth his "claim for benefits." On July 25, 2007 the Pension Fund's counsel sent a letter to John Suguitan acknowledging the receipt of his "claim for benefits" and acknowledging that it would be forwarded to the Pension Fund office. Brooks Dec. at ¶¶28-29 and Exhibits S-T.

On September 27, 2007 the Fund office sent John Suguitan a letter denying his request for survivorship or any other benefits from the Pension Fund. However, to date, John Suguitan has not filed an appeal of the Pension Fund's denial of benefits with the Pension Fund office. Brooks Dec. at ¶¶30-31 and Exhibit U.

The only death benefit available to any survivors of Pedro Suguitan was the $2,000 death benefit which was paid to Juanita E. Suguitan by the San Francisco Culinary Bartenders and Service Employees Health and Welfare Fund. Brooks Dec. At ¶ 32 and Exhibit V.

## IV.  LAW AND ARGUMENT

### A.  MOTION FOR SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Pension Fund respectfully submits that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. Accordingly, Defendant Pension Fund respectfully requests that its Motion for Summary Judgment be granted.

Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> (b) For **Defending Party**. A Party against whom a claim, counterclaim, or cross-claim is asserted or declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

The essential question in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed.R.Civ.P. 56(c). The "verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits," because the motion cannot be granted if a reasonable jury could find for the nonmoving party on the merits of the case. 477 U.S. 242 at 252-53, *see also T.W. Electric Services v. Pacific Electric Contractor's Assoc.*, 809 F2d 626, 631-32 (9th Cir. 1987). The moving party may provide supporting affidavits, but is not required to do so. 477 U.S. 317 at 323. The issue of fact must be "genuine," when the record has been "taken as a whole," *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and the court has reviewed all "justifiable inferences" in the light most favorable to the non-moving party. 477 U.S. 242 at 255; *See also Gammoh v. City of La Habra*, 395 F.3d 1114, 1122 (9th Cir. 2005).

The party seeking summary judgment bears the initial burden that there are no relevant facts in dispute and must "point to an absence of evidence to support an essential element of the non-moving party's claim." *Celotex* at 323 and *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2nd Cir. 1988). However, once the movant has done so, the non-moving party must go beyond the pleadings and designate specific factual issues through affidavits, depositions, answers to interrogatories, or admissions on file. *See, Celotex* at 253, *Anderson* at 248. Further, the "mere existence of a scintilla of evidence" to support the non-moving party's position is not specific to defeat a motion for summary judgment. *Anderson*, 477 U.S. 252, 106 S.Ct. 2505.

Defendant Pension Fund is entitled to summary judgment because there is an absence of a genuine issue of material fact and therefore it is entitled to judgment as a matter of law.

### B. ARBITRARY AND CAPRICIOUS STANDARD

This matter and the actions of the Defendant Pension Fund should be reviewed under an "arbitrary and capricious" standard. *Nevill v. Shell Oil* Co., 835 F.2d 209 (9th Cir. 1987).

Specifically, section 7.03 of the Pension Fund document provides that:

> Section 7.03 – Action of Board of Trustees. The Board of Trustees shall, subject to the requirements of the law, be the sole judge of the standard of proof required in any case, and *they shall have the discretionary authority to determine the eligibility for benefits of any Plan Participant and/or to construe the terms of this Plan and to apply the Plan*, and decisions of the Board of Trustees shall be final and binding on all parties, subject only to such judicial review as allowed by federal law.

Furthermore, Section 7.04 of the Pension Fund document provides that:

> (c) *The Board of Trustees shall have the discretionary authority to determine the eligibility for benefits of all Plan Participants and/or to construe the terms of the Plan.* A decision of the Board of Trustees with respect to a petition for review shall be final and binding upon all parties, including the applicant or petitioner and any person claiming under the applicant or petitioner. The provisions of this section shall apply to and include any and every claim to benefits from the Fund, and any claim or right asserted under the Plan or against the Fund regardless of the basis asserted for the claim and regardless of when the act or omission upon which the claim is based occurred.

On April 26, 2006, Plaintiff Juanita E. Suguitan sent a request for benefits to the Pension Fund's Plan office. Brooks Dec. at ¶13. Subsequently, on June 27, 2006, the Pension Fund office denied Plaintiff Juanita E. Suguitan's claim for benefits. Brooks Dec. at ¶14. On September 6, 2006, Defendant Pension Fund office again sent a letter to Plaintiff Juanita E. Suguitan which explained the Pension Fund's denial of benefits and explained her appeal rights. Brooks Dec. at ¶17.

On September 29, 2006, Plaintiff Juanita E. Suguitan appealed the denial made by the Pension Fund to the Pension Fund's Board of Trustees. Brooks Dec. at ¶18. On October 18, 2006 and October 31, 2006, the Fund office sent letters to Plaintiff Juanita E. Suguitan which requested additional information and advised her that her appeal would be given a full and fair review at the November, 2006 Board of Trustee's meeting. Brooks Dec. at ¶¶19-20.

On November 30, 2006, upon a full and fair review, the Pension Fund's Board of Trustees denied Juanita E. Suguitan's appeal. Ms. Suguitan was notified of such decision on December 7, 2006. ¶¶21-22.

Therefore, it is clear that the Pension Fund's Board of Trustees had, and exercised, absolute discretion to determine Juanita E. Suguitan's eligibility for benefits. Furthermore, Ms. Suguitan's claims were reviewed and denied by the Pension Fund office and its Board of Trustees, upon a full and fair review.

The foregoing dictates that this Court should review Defendant's denial under an arbitrary and capricious standard. Based upon such standard, this Court must find that Defendant Pension Fund's actions herein have been appropriate, consistent with the terms of the governing plan documents and anything but arbitrary or capricious.

### C. PLAINTIFFS' CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiffs make allegations that "defendant violated Section 502(a) of the Employee Retirement Income Security Act of 1974." Civil Complaint at ¶ 5. The Plaintiffs allegations are completely devoid of any indication of how Defendant Fund allegedly "violated Section 502 (a) of the Employee Retirement Income Security Act of 1974." Such allegations are merely conclusory and provide no underlying basis for such an allegation. Plaintiffs also appear to allege that the Board of Trustees of the Defendant Fund denied Plaintiff Juanita E. Suguitan's claim for benefits, including some sort of claim for her son. Civil Complaint at ¶ 3. First, it is not clear who the son is whose claim was allegedly denied. Second, Plaintiff's allegations contain absolutely no indication of how such claims were improperly denied.

Section 502 (a) of ERISA, 29 U.S.C. § 1132 (a)(1)(B), provides in relevant part:

    (a)    A civil action may be brought-
    (1)    by a participant or beneficiary-

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

The basic facts of this matter are undisputed.

On or about May 1, 1971, Pedro Suguitan retired and commenced monthly benefits, in the single annuity form, from the Defendant Pension Fund. Brooks Dec. at ¶2. At the time of his retirement, Pedro Suguitan's legal wife was Prudencia Suguitan. Brooks Dec. at ¶4.

Pedro Suguitan could have chosen either a life annuity or joint pension form of benefit. If he had chosen the joint pension form, Prudencia Suguitan, and only she, would be entitled to a survivor benefit, should she have survived Pedro Suguitan. Brooks Dec. at ¶¶2-8. However, Pedro Suguitan did not choose a Joint Pension at the time of his retirement. Brooks Dec. at ¶¶3-5. Furthermore, Prudencia Suguitan did not survive Pedro Suguitan, as she died in 1972. Brooks Dec. at ¶7.

Therefore, the *only* benefits to be paid, based upon the hours worked by Pedro Suguitan and corresponding contributions made to the Pension Fund, were lifetime monthly benefits that were paid to Pedro Suguitan. Significantly, no additional benefits were to be paid to anyone else, including Prudencia Suguitan or Juanita E. Suguitan. Brooks Dec. at ¶8. Moreover, even if Pedro Suguitan had elected to commence his pension benefits in the form of a joint pension, the *only* possible recipient of any survivor benefits would have been Prudencia Suguitan, had she not died in 1997 and had she survived Pedro Suguitan.

Accordingly, on June 27, 2006 the Pension Fund office denied Plaintiff Juanita E. Suguitan's claim for benefits. Specifically, the Fund office's denial letter provided as follows:

> "Please be advised that Mr. Suguitan had no survivor benefit on his pension; his pension was payable for his lifetime only....His pension did not provide for payments to any survivors." Brooks Dec. at Exhibit F.

Subsequently, for similar reasons, on November 30, 2006 the Defendant Pension Fund's Board

of Trustees denied Plaintiff Juanita E. Suguitan's appeal of the denial of survivor benefits related to Pedro Suguitan's participation in the Pension Fund. Brooks Dec. at ¶¶ 21-22 and Exhibit M. Specifically, the appeal denial letter stated:

> " You and your late husband were not married at the time he retired with a pension from the San Francisco Culinary, Bartenders and Service Employees Pension Fund; therefore it would have been impossible for you to have been his designated Surviving Spouse. In addition, the form of benefit Mr. Suguitan chose did not provide for any Surviving Spouse benefit even for the wife to whom he was married at the time he retired." Brooks Dec. at Exhibit M.

Based upon the benefits chosen by Pedro Suguitan and the simple fact that Plaintiff Juanita E. Suguitan was not married to him at the time of his retirement, the Pension Fund's office and its Board of Trustees' denial of any benefits to Plaintiff Juanita E.Suguitan was proper and consistent with the governing documents of the Plan and applicable law. Accordingly, Plaintiff Juanita E. Suguitan has failed to state any claim upon which relief may be granted.

Plaintiff John Suguitan asserts nothing that suggests that any of his claims were denied, improperly or otherwise, by the Defendant Fund. Civil Complaint at ¶ 3. Therefore, he states absolutely no claims related to benefits offered and paid by the Defendant Pension Fund or for which relief may be granted. Plaintiff John Suguitan has provided no documentation to the Defendant Pension Fund evidencing *any* familial relationship to Pedro Suguitan.

Significantly, the Pension Fund provides *no* benefit or feature known as the "Family Protection Plan." Brooks Dec. At ¶ 9 Furthermore, the Pension Fund provides *no* benefits to dependents or surviving dependents. Brooks Dec at ¶ 10. Therefore, the Pension Fund office properly denied his claim for benefits and specifically stated as follows:

> "With respect to the allegations/claims in your July 5, 2007 letter, the Funds hereby deny each and every claim set forth in your letter. Specifically, the Funds assert as follows:
>
> 1) You are not entitled to any "Childs and Educational Benefits" from the Funds. In fact, no such benefits are provided by the Funds;
> 2) You are not entitled to any "allowance for medical and basic needs" from the

---

11

DEFENDANT'S NOTICE AND MOTION FOR SUMMARY JUDGMENT

        3)    Funds. In fact, such an allowance is not provided by the Funds;
You are not entitled to any "U.S. Citizenship rights" from the Funds. In fact, no such rights are provided by the Funds;

        4)    You are not entitled to "burial and funeral benefits" from the Funds as such benefits are not provided by the Funds;

        5)    You are not entitled to any "monthly pension" benefits of Juanita E. Suguitan from the Funds as she is not entitled to any pension benefits from the San Francisco Culinary, Bartenders and Service Employees Pension Fund;

        6)    It is not clear what you are requesting in your claim for "the Union Voluntary Contributions of all members of the company in accordance with the provision of the CBA. In any event, you are not entitled to "the Union Voluntary Contributions of all members of the company" from the Funds. Such "contributions" are not benefits provided by the Funds;

        7)    You are not entitled to "one lumpsum death gratuity" from the Funds as such a gratuity is not provided b y the Funds; and

        8)    You are not entitled to "Medicaid" from the Funds. Medicaid benefits are not provided by the Funds and such benefits are benefits provided by a governmental entity.

Moreover, the Funds deny that you are entitled to <u>any</u> benefit or payment from either Fund. Please note that the Funds have never received documentary evidence of any familial or legal relationship between you and Pedro T. Suguitan. Accordingly, even if you were entitled to any benefit from the Funds no such benefits could be paid due to the lack of any evidence presented to the Funds, or the Plan office, of any such relationship between you and Pedro T. Suguitan." Brooks Dec. at ¶30 and Exhibit U.

Accordingly, Plaintiff John Suguitan is not entitled to *any* benefit(s) from the Pension Fund and his claim fails to state a claim upon which relief may be granted.

Plaintiffs' allegations regarding the "Pension Trust Policy" are, at best, ambiguous and vague. Complaint at ¶ 4. The allegations do not indicate which policy, or any portions thereof, the Plaintiffs are referring to and how such policy is "one-sided, unconstitutional, and deprives the rights of its employees and is not in accordance with the Collective Bargaining Agreement of the Union members." Such allegation contains no indication as to which collective bargaining agreement the Plaintiffs are referring to. Specifically, it makes no indication of which union the Plaintiffs are referring to. Furthermore, Plaintiffs fail to allege how they have been harmed by such "Pension Trust Policy." Irregardless of such baseless allegations the foregoing

demonstrates that the Plaintiff's claims are without merit and the fact that they are not entitled to a benefit has absolutely nothing to do with "Pension Trust Policy."

Finally, the Plaintiffs make a most curious allegation that "this complaint is of continuing public interest that must need national attention for its repercussive effect detrimental to the rights of all the workers and employees of the United States of America." This allegation is completely without merit. Defendant Pension Fund only provides benefits to those individuals who are Participants in the Fund.[1]

### D. PLAINTIFF JOHN SUGUITAN HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

The Ninth Circuit has made it clear that "a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court. *Diaz v. United Agricultural Employee Welfare Plan and Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995), citing *Amato v. Bernard*, 618 F.2d 559, 566-68 (9th Cir. 1980). "Although not explicitly set out in the statute, the exhaustion doctrine is consistent with ERISA's background, structure and legislative history and serves several important policy considerations, including the reduction of frivolous litigation, the promotion of consistent treatment of claims, the provision of a nonadversiarial method of claim settlement, and a proper reliance on administrative expertise. *Amato*, at pp. 566-68.

In the case *subjudice*, Plaintiff John Suguitan did not appeal the denial of his claim made by the Pension Fund office on September 27, 2007. Brooks Dec. at ¶¶27-31. He has failed to

---

[1] It certainly provides no benefits to or has any relationship to the workers and employees of the United States of America. These individuals' pension interests are clearly set forth in the United States Code and are administered by the federal pension system, a system totally and wholly unrelated to the Defendant Fund. Moreover, the actions of the Defendant Fund, in administration of claims presented to it, are not matters of national attention.

exhaust his administrative remedies prior to the filing of the Complaint herein. Accordingly, for this reason alone, his "claim" should be denied and dismissed by this Court.

### E. PLAINTIFFS' REQUEST FOR DAMAGES IS INAPPROPRIATE

In addition to the fact that the Defendant Pension Fund has not violated any provision of ERISA, and has properly denied Plaintiffs' claim for benefits, the Plaintiffs' "Prayer" is also inappropriate. In their Prayer, the Plaintiffs request that they be paid their "insurance benefits" including retroactive payments plus interest. The Plaintiffs do not specify what "insurance benefits" they believe they are entitled to. Moreover, Defendant Pension Fund is a "pension plan" and not an "insurance company" and therefore provides no "insurance benefits."

Significantly, Plaintiffs allege no actual damages. This is consistent with the fact that Plaintiffs have not been damaged by the Defendant Pension Fund, have not alleged how they were injured by Defendant Pension Fund and/or how they were damaged due to such alleged injury.[2]

There exists no damage form called "moral" damages. Furthermore, there is no such thing as "exemplary" damages. To the extent that Plaintiffs' mention of the terms "exemplary damages was meant to refer to punitive damages, such damages are not awarded with respect to an ERISA claim. *See, Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985), *Bast v. Prudential Ins. Company of America*, 150 F.3d 1003, 1009 (9th Cir. 1998) and *Varhola v. Doe*, 820 F.2d 809 (6th Cir. 1987). *See, also Sokol v. Bernstein*, 803 F.2d 532 (1986). Moreover, cases prior to *Massachusetts* required "outrageous" or malicious conduct, neither of which exist or have been asserted in the case *sub judice*. *See, Scott v. Gulf Oil Corp.*, 754 F.2d 1499 (9th Cir.

---

[2] Also, the Defendant Fund is not a company, but rather is a collectively bargained employee benefit plan.

1985). Accordingly, Plaintiffs are not entitled to any damages from the Defendant Pension Fund in any fashion.

## V. CONCLUSION

Plaintiffs have failed to state any claim upon which relief may be granted. For the foregoing reasons and authorities, Defendant San Francisco Culinary Bartenders & Service Employees' Pension Fund requests that the Court grant judgment in its favor and dismiss the Civil Complaint filed by the Plaintiffs, with prejudice, and order payment of the Defendant Pension Fund's attorney fees, upon further submissions by the Defendant.

Dated: August 11, 2008                              Respectfully submitted,

                                                    **LEONARD CARDER, LLP**


                                                    By: /s/ Shawn C. Groff
                                                        Shawn C. Groff
                                                        Attorneys for Defendant San Francisco
                                                        Culinary Bartenders and Service Employees
                                                        Pension Fund

# PROOF OF SERVICE

I am a citizen of the United States and am employed in Alameda County. I am over the age of eighteen (18) years and not a party to the within action. My business address is 1330 Broadway, Suite 1450, Oakland, CA 94612. On August 11, 2008 I served the following document(s):

### SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES' PENSION FUND'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

by placing a true copy thereof enclosed in a sealed envelope and served in the manner and/or manners described below to each of the parties herein and addressed as below or stated on the attached service list:

John Suguitan
2509 La Union
Gonzales, Tubao
Philippines 601
Email: john_suguitan12@yahoo.com.ph

Juanita Suguitan
2509 La Union
Gonzales, Tubao
Philippines 601

__X__ **BY ELECTRONIC MAIL:** I caused said document(s) to be transmitted to email address(es) designated.

_____ **BY FACSIMILE:** I caused said document(s) to be transmitted to the fax number(s) of the addressee(s) designated.

__X__ **BY MAIL:** I caused such envelope to be deposited in the mail at my business address, addressed to the addressee(s) designated. I am readily familiar with LEONARD, CARDER's practice for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Services on that same day in the ordinary course of business.

__X__ **BY UPS INTERNATIONAL COURIER SERVICE:** I caused such envelope(s) to be delivered via UPS International courier service to the addressee(s) designated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on August 11, 2008.

/s/ Kathleen Hayes
Kathleen Hayes