FILED

08 AUG 25 PM 1:56

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA E. SUGUITAN and<br>JOHN E. SUGUITAN,<br><br>    Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO CULINARY BARTENDERS<br>AND SERVICE EMPLOYEES PENSION FUND,<br><br>    Defendants. | Case No. C 07-05113 JSW<br><br>OPPOSITION TO MOTION FOR<br>SUMMARY JUGDMENT |

**INTRODUCTION:**

Since the filling of this instant complaint plaintiffs have had been continuously and promptly complied with the preliminary schedule of the stages of this case e.g., ADR, magistrate holdings, proposals of amicable settlements, etc. that they sent thru e-mail messages to defendants but defendants did not make any response, instead it just merely sent plaintiffs messages repeating the contents the order of the court without answering our concerted pleadings until its Counsel Peter W. Saltzmann made a pleading or motion that subsequently withdrawn and rejected by Chief Counsel Shawn C. Groff reserving the right to amend or modify that one made by attorney Saltzmann but until now no such change was made thus, the schedule of the proceedings prescribed that this court where derailed and disorganized. And then this court issued an order to show cause why this case should not be dismissed for failure to prosecute that plaintiffs made a timely response therewith, and the court concluded that plaintiffs can manage their case effectively inspite of the complexities of the legal issues involved and issued a discharged order.

**STATEMENT OF GENUINE ISSUES:**

It is necessary at this point to summarize the simplification of material facts to proffer a judicial review of this case as follows:

a. The questioning of the Family Protection Plan of the defendants is one-sided for excluding a surviving spouse' eligibility to the Pension Plan due that wage earner married her only after his retirement and wage earner had not elected plaintiff Juanita as his beneficiary in case of death, and this policy of defendants is arbitrary, against the common law, unconstitutional, and this calls for public uproar, making it a continuing public interest, criticizing an existing rule of law, and not in accordance with law.

b. The precedential caselaw of the Office of the Personnel Management(OPM),Benetto Case directly invalidates the disqualification of Juanita Suguitan and her child with Pedro T. Suguitan to avail of the plaintiffs Family Protection Plan, and even the CBA of the Union of employees defendants recognizes this valid rights of their co-employees, past and present that they may develop this case to the accumulation of an engendered zygote of discontent and grievance that will inevitably become a Class Suit if this case is not given prompt attention to contain the forthcoming deluge that may destroy the prestige, integrity and good name of the Bartenders that unscrupulous persons or rival entities may take advantage, that is why plaintiffs' are really with good faith intention to make confidential arrangements with defendants thru ADR or submit this case To Enter Appellate Mediation Program for settlement chaired by the Chief Staff Counsel and mediated by attorney-volunteers, who are selected by the Court and trained by dispute resolution professionals to perform the service, and

plaintiffs believe that about 33 percent of the cases they handled are settled, therefore we submit our request for this ultimate hope by submitting our written request.

**SUMMARY AFFIRMATIVE DEFENSE**

The summary judgment is clearly erroneous and without merit and the standard of review has not been met meaning, that the district court when finding of material fact or evidence is clearly erroneous it will hold unlawful the summary judgment using how a Federal Appellate Court Review on a District Court's of finding of facts under the "clearly erroneous" standard of Rule 52(a) of the Federal Rules of Civil Procedure and set aside finding of material fact when, after reviewing the record as a whole it is "left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395(1948). When applying this standard, the account of the evidences is plausible in light of the record viewed in its entirety, may not reverse it eventhough convinced that had it been sitting as the trier of the fact, if would have weighed the evidence differently. Anderson v. City of Bessemer City, 470 U.S. 564, 573-574(1985).

Plaintiffs' complaint is not delicate because the stakes-in terms of impact on future cases and future conduct-are not too great to entrust them finally to the judgment of the trier of fact. Further, the pristine legal standard and a simple historical fact/law distinction at times has turned upon a determination that, as a matter of the sound administration of justice, one judicial actor is better suited than another to decide the issue in question. Miller v. Fenton, 474 U.S. 104, 113-14(1985); see also Pierce v. Underwood, 487 U.S. 552, 558(1988). Fed. R. Civ. P. 12(b)(6) is not applicable because plaintiffs can potentially dispose of this case so this court shall advise pro se plaintiffs obligations under the Federal Rules of Civil Procedure and the rules of this Court. See

Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Neal v. Kelly, 963 F. 2d 453, 456 (D.C. Cir. 1992). The assertions of the summary judgment are untrue. See Neal 963 F. 2d at 456. The summary judgment under Fed. R.Civ. P. 12(b)(6) and Fed. R. Civ. P. 56 cannot be admitted because the response therewith cited are well-grounded. Anderson v. Liberty, Lobby, Inc., 477 U.S. 242(1986) is ineffective because a <u>genuine issue exist</u> for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586(1986). "[The Court must view all facts in the light most favorable to the non-moving party]." People For The American Way Foundation v. National Park Service, 503 F. Supp. 2d 284, 291 (D.D.C. 2007). For summary judgment purposes the summary judgment is subject to <u>de novo</u> review by the courts. Hayden v. National Security Agency Cent. Sec. Serv., 608 F. 2d 1381, 1384 (D.C. Cir. 1979), Cert. denied, 446 U.S. 937(1980).

    The Bartender Policy Contract is expected for performance of its statutory duties or otherwise let its employees know what their employers is upto. United States Department of Defense, et. al. v. Federal Labor Relations Authority, 510 U.S. 487, 497(1994).

    Under Rule 12(b)(6), the "complaint should not be dismissed merely because a plaintiffs allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." Bowers v. Hardwick, 478 U.S. 186, 201(1986) (emphasis supplied).

    It is not even necessary that a plaintiff request appropriate relief, properly categorize legal theories, or point to any legal theory at all. Toll v. Caroll Touch, Inc., 977 F. 2d 1129, 1134 (7th Cir., 1992) (complaint need not point to appropriate status or law to raise a claim for relief; complaint sufficiently states a claim even if it points to no legal theory or even if it points to

wrong legal theory, as long as "relief is possible under any set of facts that could be established consistent with the allegations") (emphasis supplied).

The party moving for dismissal must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief. "Conley v. Gibson, 355 U.S. 41, 45-46. (emphasis supplied)

Moreover, the likelihood that a plaintiff will ultimate prevail on his claims has no place in determining whether or not to grant a motion to dismiss. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (issue is not whether plaintiff will prevail but whether claimant is entitled to offer evidence to support claims).

Additionally, when making a determination as to the sufficiency of a complaint, initial pleadings must be construed liberally. United States v. Uvalde Consol. Indep. Sch. Dist., 625 F. 2d 547, 549 (5th Cir. 1890). This is especially true for a pro se complaint under Haines v. Kerner et al., 404 U.S. 519.

## PRAYER

In view of the foregoing, considering that the parties' positions are not so clear as to warrant summary action, the Summary Judgment of Defendants must be DENIED and DISCHARGED. See Taxpayers Watchdog, Inc. v. Stanley, 819 F. 2d 294, 297 (D.C. Cir. 1987)(per curiam); Walker v. Washington, 627 F. 2d 541, 545 (D.C. Cir.)(per curiam), cert. denied, 449 U.S. 994(1980).

Done this 17th day of August, 2008 in Gonzales, Tubao, 2509 La Union, PHILIPPINES for California, U.S.A.

JUANITA E. SUGUITAN
Plaintiff

JOHN E. SUGUITAN
Plaintiff

Assisted by:

**GLORIOSO S. GANUELAS**
Reseacher/Counsellor

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of August, 2008 we had served copy of the foregoing by first class mail postage prepaid to: Shawn C. Groff, LEONARD CARDER, LLP, Attorneys, 1330 Broadway Suite 1450, Oakland, California 94612, U.S.A.

**JUANITA E. SUGUITAN**
Plaintiff

**JOHN E. SUGUITAN**
Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Avenue
San Francisco, California 94102
U.S.A.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
REQUEST TO ENTER APPELLATE MEDIATION PROGRAM

Case Number: C 07-05113 JSW

Caption: JUANITA E. SUGUITAN and JOHN E. SUGUITAN
Plaintiffs,

vs.

SAN FRANCISCO CULINARY BARTENDERS AND
SERVICE EMPLOYEES PENSION FUND
Defendants

_____
Intervenor

I would like the above case considered for entry into the Appellate Mediation Program.

*Juanita E. Suguitan*
JUANITA E. SUGUITAN
Plaintiff

*John E. Suguitan*
JOHN E. SUGUITAN
Plaintiff

_____
( Signature Attorney for Plaintiffs )
*Researcher / Counsellor*

Please send completed form to:

Appellate Mediation Program
Clerk, U.S. Court of Appeals
U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001
U.S.A.