1

2  Shawn C. Groff (SBN 248022)
   LEONARD CARDER, LLP
3  1330 Broadway, Suite 1450
   Oakland, CA 94612
4  Telephone: (510) 272-0169
   Facsimile: (510) 272-0174
5

6  Attorneys for Defendant San Francisco Culinary Bartenders and
   Service Employees Pension Fund
7

8              IN THE UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10  JUANITA E. SUGUITAN, ET AL.,            )  Case No. C 07-05113 JSW
                                            )
11          Plaintiffs,                     )  **SAN FRANCISCO CULINARY**
                                            )  **BARTENDERS AND SERVICE**
12  v.                                      )  **EMPLOYEES' PENSION FUND'S**
                                            )  **REPLY TO OPPOSITION TO**
13  SAN FRANCISCO CULINARY BARTENDERS       )  **MOTION AND MOTION FOR**
    AND SERVICE EMPLOYEES PENSION FUND,     )  **SUMMARY JUDGMENT**
14                                          )
            Defendants.                     )  Date: September 19, 2008
15                                          )  Time: 9:00 a.m.
                                            )  Courtroom: 2, 17th Floor
16  _____)

17

18

19

20

21

22

23

24

25

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>
<u>**IN SUPPORT OF REPLY TO OPPOSITION TO MOTION**</u>
<u>**FOR SUMMARY JUDGMENT**</u>

**I.    SUMMARY OF FACTS**

The facts set forth in Defendant San Francisco Culinary and Bartenders Service

Employees Pension Fund's ("Defendant Pension Fund") Motion for Summary Judgment

(Defendant's Motion) are undisputed as Plaintiffs have not provided this Court with *any* contrary

evidence nor filed any declarations or affidavits in opposition to Defendant's Motion.  Moreover,

the pertinent facts are very straightforward, as set forth in detail in Defendant's Motion.

Defendant's Motion at Pgs. 2-6.

**II.    LAW AND ARGUMENT**

**A.    ARBITRARY AND CAPRICIOUS STANDARD**

This matter and the actions of the Defendant Pension Fund should be reviewed under an

"arbitrary and capricious" standard.  *Nevill v. Shell Oil* Co., 835 F.2d 209 (9th Cir. 1987).

Specifically, section 7.03 of the Pension Fund document provides that:

"The Board of Trustees shall, subject to the  requirements of the law, be the sole judge of
the standard of proof required in any case, and *they shall have the discretionary authority
to determine the eligibility for benefits of any Plan Participant and/or to construe the
terms of this Plan and to apply the Plan*, and decisions of the Board of Trustees shall be
final and binding on all parties, subject only to such judicial review as allowed by federal
law."

Furthermore, Section 7.04 of the Pension Fund document provides that *"The Board of*

*Trustees shall have the discretionary authority to determine the eligibility for benefits of all Plan*

*Participants and/or to construe the terms of the Plan."*

On April 26, 2006, Plaintiff Juanita E. Suguitan sent a request for benefits to the Pension

Fund's Plan office.  Brooks Dec. at ¶13.  Subsequently, on June 27, 2006, the Pension Fund



1

SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES' PENSION FUND'S
REPLY TO OPPOSITION TO MOTION AND MOTION FOR SUMMARY JUDGMENT

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169   FAX (510) 272-0174

office denied Plaintiff Juanita E. Suguitan's claim for benefits. Brooks Dec. at ¶14.[1]

On November 30, 2006, upon a full and fair review, the Defendant Pension Fund's Board of Trustees denied Juanita E. Suguitan's appeal.

Therefore, it is clear that the Defendant Pension Fund's Board of Trustees had, and exercised, absolute discretion to determine Juanita E. Suguitan's eligibility for benefits. Furthermore, Ms. Suguitan's claims were reviewed and denied by the Pension Fund office and its Board of Trustees, upon a full and fair review. The foregoing dictates that this Court should review Defendant's denial under an arbitrary and capricious standard.

Plaintiffs' reliance upon *Hayden v. National Security* is misplaced and not dispositive of the instant matter, as that matter did not involve benefits provided under an ERISA Plan. *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d 1381 (D.C. Cir. 1979). Opposition at Pg. 4. Therefore, the appropriate standard here is the arbitrary and capricious standard set forth by the Ninth Circuit in *Nevill.*

**B.   PLAINTIFFS HAVE FAILED TO SUBMIT ANY EVIDENCE SUPPORTING THEIR CLAIM AND OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Defendant Pension Fund respectfully submits that there simply are no issues of fact, let alone genuine issues as to any material fact, and, therefore, it is entitled to judgment as a matter of law.

*The essential question in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) (Emphasis added). The issue of fact must be "genuine," when the record has been "taken

---

[1] On September 29, 2006, Plaintiff Juanita E. Suguitan appealed the denial made by the Pension Fund to the Pension Fund's Board of Trustees. Brooks Dec. at ¶18.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

1

2    as a whole," *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986),

3    and the court has reviewed all "justifiable inferences" in the light most favorable to the non-

4    moving party. 477 U.S. 242 at 255; *See also Gammoh v. City of La Habra,* 395 F.3d 1114, 1122

5    (9th Cir. 2005).

6        The party seeking summary judgment bears the initial burden that there are no relevant

7    facts in dispute and must "point to an absence of evidence to support an essential element of the

8    non-moving party's claim." *Celotex* at 323 and *Brady v. Town of Colchester*, 863 F.2d 205, 211

9    (2nd Cir. 1988).  However, once the movant has done so, **the non-moving party must go beyond**

10   **the pleadings and designate specific factual issues through affidavits, depositions, answers**

11   **to interrogatories, or admissions on file**. *See, Celotex* at 253, *Anderson* at 248.  Further, the

12   "mere existence of a scintilla of evidence" to support the non-moving party's position is not

13   specific to defeat a motion for summary judgment. *Anderson*, 477 U.S. 252, 106 S.Ct. 2505.

14       Plaintiffs have failed to provide *any* declarations, affidavits or other documents

15   evidencing their entitlement to a benefit. *This alone should entitle Defendants to summary*

16   *judgment* because there is an absence of *any* genuine issue of material fact and therefore it is

17   entitled to judgment as a matter of law.

18       In their Opposition to Motion for Summary Judgment ("Opposition) Plaintiffs again refer

19   to a "Family Protection Plan" but fail, in any manner whatsoever, to identify what this "Plan" is

20   or how it relates to the San Francisco Culinary Bartenders and Service Employees Pension Fund

21   ("Pension Fund").  The reality is that the Pension Fund provides *no* benefit or feature known as

22   the "Family Protection Plan." Brooks Dec. At ¶ 9.[2]  Accordingly, Plaintiff John Suguitan is not

23   entitled to *any* benefit(s) from the Pension Fund and his claim fails to state a claim upon which

24

25   _____

26       [2] Furthermore, the Pension Fund provides *no* benefits to dependents or surviving
     dependents.

27

28

3

1

2   relief may be granted.

3        Plaintiffs' allegations regarding "precedential case law of the Office of Personnel

4 Management, Benetto case," *to the extent such a case exists*, should not considered by this Court

5 as Plaintiffs have failed to set forth how such "precedent" relates to ths instant matter.[3]

6 Moreover, Plaintiffs have provided no evidence supporting their assertion that a "CBA" of a

7 "Union" is somehow related to any entitlement on behalf of the Plaintiffs to any benefit from the

8 Defendant Fund.

9        Plaintiffs' reliance upon *U.S. v. Gypsum Co.*, 333 U.S. 364 (1948), *Anderson v. City of*

10 *Bessemer City*, 470 U.S. 564 (1985) and *Pierce v. Underwood*, 487 U.S. 552 (1988) is misguided

11 as these cases relate to an appellate court's review of a trial court's findings and in no way relate

12 to the standard of review by this Court of Defendant's Motion.  Opposition at Pg. 3.

13 Furthermore, Plaintiffs' reliance upon *Miller v. Fenton* is curious as that matter involved an

14 individual who sought a writ of habeas corpus following a murder conviction and has absolutely

15 nothing to do with an individual's right to pension benefits. *Miller v. Fenton*, 474 U.S. 104

16 (1985) Opposition at Pg. 3.

17        Plaintiffs' reliance upon *Fox v. Strickland* is also misplaced as that matter dealt with a pro

18 se prison inmate who was not apprised of the consequences of failing to respond to a summary

19 judgment motion. *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988).  Such a case is not

20 dispositive of the instant matter as Plaintiffs herein filed an Opposition to Defendant's Motion.

21 For similar reasons, Plaintiffs' reliance upon *Neal v. Kelly* is even more misplaced.  In the *Neal*

22 case the Court of Appeals held that a pro se inmate was entitled to adequate notice of the district

23 court's intention to treat defendants' filing of a Rule 12(B)(6) motion as a Rule 56 motion. *Neal*

24

25 _____

26     [3] Significantly, Plaintiffs fail to provide any citation for any "Benetto" case.

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

4

*v. Kelly*, 963 F.2d 453 (1992).   No such facts are present in this case as Defendant Fund Pension filed a Motion for Summary Judgment from the outset.

Plaintiffs broadly assert that summary judgment should not be granted because a genuine issue exists for trial.  Opposition at P. 4.  However, quite significantly, Plaintiffs fail to assert, in any manner, what genuine issues exist. *The reason for the lack of such an assertion is that the facts in this matter are undisputed and no issue of material fact, genuine or otherwise, exists.*

Plaintiffs' assertions regarding a "Bartender Policy Contract" are not relevant to, or dispositive of, this matter as Plaintiffs have not produced any evidence of such an item or any proof that any such  item exists.  Opposition at Pg. 4.  Moreover, Plaintiffs fail to delineate how such a "contract" is even remotely relevant to the case *sub judice*.

Plaintiffs assertions  that "it is not necessary that a plaintiff request appropriate relief , properly categorize legal theories, or point to any legal theory at all" are completely misplaced.  Opposition at Page 4-5.  The law is abundantly clear that, upon filing of a Motion for Summary Judgment where the moving party has met its initial burden, "the non-moving party must go beyond the pleadings and designate specific factual issues through affidavits, depositions, answers to interrogatories, or admissions on file." *See, Celotex* at 253, *Anderson* at 248. Defendant Fund, through its filing of the Affidavit of Kirsten Brooks and the Second Declaration of Kirsten Brooks, has clearly met its burden.  However, Plaintiffs have not met their burden (in opposition to summary judgment) as they have submitted absolutely *no evidence* in support of their opposition to summary judgment.  Accordingly, since Plaintiffs have failed to meet their burden under the law, summary judgment should be granted in favor of the Defendant.

Plaintiffs' reliance upon *Conley v. Gibson, 355 U.S. 41, Scheuer v. Rhodes, 416 U.S. 232 and U.S. v. Uralde Consol. Indep. Sch. Dist.*, 625 F.2d 547 (5th Cir. 1980) is irrelevant as these cases deal with the standard of review upon a Motion to Dismiss, rather than a Motion for

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES' PENSION FUND'S
REPLY TO OPPOSITION TO MOTION AND MOTION FOR SUMMARY JUDGMENT

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

Summary Judgment, the Motion pending before this Court.

### C.     PLAINTIFFS' CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Section 502 (a) of ERISA, 29 U.S.C. § 1132 (a)(1)(B), provides in relevant part:

(a)     A civil action may be brought-

(1)     by a participant or beneficiary-

(B)     to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

The basic facts of this matter are undisputed.

On or about May 1, 1971, Pedro Suguitan retired and commenced monthly benefits, in the single annuity form, from the Defendant Pension Fund. Brooks Dec. at ¶2. At the time of his retirement, Pedro Suguitan's legal wife was Prudencia Suguitan. Brooks Dec. at ¶4.

Pedro Suguitan could have chosen either a life annuity or joint pension form of benefit. If he had chosen the joint pension form, Prudencia Suguitan, and only she, would be entitled to a survivor benefit, should she have survived Pedro Suguitan. Brooks Dec. at ¶¶2-8. However, Pedro Suguitan did not choose a Joint Pension at the time of his retirement. Brooks Dec. at ¶¶3-5. Furthermore, Prudencia Suguitan did not survive Pedro Suguitan, as she died in 1972. Brooks Dec. at ¶7.

Therefore, the *only* benefits to be paid, based upon the hours worked by Pedro Suguitan and corresponding contributions made to the Pension Fund, were lifetime monthly benefits that were paid to Pedro Suguitan. *Significantly, no additional benefits were to be paid to anyone else, including Prudencia Suguitan or Juanita E. Suguitan.* Brooks Dec. at ¶8.

Accordingly, on June 27, 2006 the Pension Fund office denied Plaintiff Juanita E.

SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES' PENSION FUND'S REPLY TO OPPOSITION TO MOTION AND MOTION FOR SUMMARY JUDGMENT

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169    FAX (510) 272-0174

Suguitan's claim for benefits.  Subsequently, for similar reasons, on November 30, 2006 the Defendant Pension Fund's Board of Trustees denied Plaintiff Juanita E. Suguitan's appeal of the denial of survivor benefits related to Pedro Suguitan's participation in the Pension Fund.  Brooks Dec. at ¶¶ 21-22 and Exhibit M.  Accordingly, Plaintiff Juanita E. Suguitan has failed to state a claim under Section 502(a) of ERISA, 29 U.S.C. ¶1132(a)(1)(B) and has failed to state any claim upon which relief may be granted.

Plaintiff John Suguitan asserts nothing that suggests that any of his claims were denied, improperly or otherwise, by the Defendant Fund.  Civil Complaint at ¶ 3.  Plaintiff John Suguitan has also not provided documentation to the Defendant Pension Fund, or this Court, evidencing *any* familial relationship to Pedro Suguitan.  Therefore, the Pension Fund office properly denied his claim for benefits.  Brooks Dec. at ¶ Brooks Dec. at ¶30 and Exhibit U.  Even more egregious is the fact that Plaintiff John Suguitan has not provided or submitted any evidence in support of his claims or his Opposition filed herein.  Accordingly, Plaintiff John Suguitan has failed to state a claim under Section 502(a) of ERISA, 29 U.S.C. ¶1132(a)(1)(B) and has failed to state any claim upon which relief may be granted.

### D.    PLAINTIFF JOHN SUGUITAN HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

Plaintiff John Suguitan has submitted no evidence to refute the Defendant Pension Fund's affirmative defense asserting that he has failed to exhaust his administrative remedies.

Specifically, Plaintiff John Suguitan did not appeal the denial of his claim made by the Pension Fund office on September 27, 2007.  Brooks Dec. at ¶¶27-31.  Accordingly, for this reason alone, his "claim" should be denied and dismissed by this Court.

SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES' PENSION FUND'S
REPLY TO OPPOSITION TO MOTION AND MOTION FOR SUMMARY JUDGMENT

III.   **CONCLUSION**

Plaintiffs have failed to state any claim upon which relief may be granted.  More importantly, there are no genuine issues of material fact in this matter and, for the foregoing reasons and authorities and the reasons set forth in Defendant's Motion for Summary Judgment, Defendant San Francisco Culinary Bartenders & Service Employees' Pension Fund is entitled to judgment in its favor as a matter of law.  Therefore, Defendant respectfully requests that this Court dismiss the Civil Complaint filed by the Plaintiffs ,with prejudice, and order payment of the Defendant Fund's attorney fees, upon further submissions by the Defendant.

Dated: September 3, 2008

Respectfully submitted,
**LEONARD CARDER, LLP**

By:   _/s/ Shawn C. Groff_

Shawn C. Groff
Attorneys for Defendant San Francisco
Culinary Bartenders and Service Employees
Pension Fund

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 272-0169   FAX (510) 272-0174

SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES' PENSION FUND'S
REPLY TO OPPOSITION TO MOTION AND MOTION FOR SUMMARY JUDGMENT

1

## PROOF OF SERVICE

2      I am a citizen of the United States and am employed in Alameda County. I am over the

3   age of eighteen (18) years and not a party to the within action. My business address is 1330
    Broadway, Suite 1450, Oakland, CA 94612. On September 3, 2008 I served the following
    document(s):

4

5   **SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES'
    PENSION FUND'S REPLY TO OPPOSITION TO MOTION AND MOTION FOR
    SUMMARY JUDGMENT**

6

7   by placing a true copy thereof enclosed in a sealed envelope and served in the manner and/or
    manners described below to each of the parties herein and addressed as below or stated on the
    attached service list:

8

9           John Suguitan                  Juanita Suguitan
            2509 La Union                  2509 La Union
10          Gonzales, Tubao                Gonzales, Tubao
            Philippines 601                Philippines 601
11      Email: john_suguitan12@yahoo.com.ph

12  ___x___ **BY ELECTRONIC MAIL:** I caused said document(s) to be transmitted to email
    address(es) designated.

13
    _____ **BY FACSIMILE:** I caused said document(s) to be transmitted to the fax number(s) of
14  the addressee(s) designated.

15  _____ **BY MAIL:** I caused such envelope to be deposited in the mail at my business address,
    addressed to the addressee(s) designated. I am readily familiar with LEONARD, CARDER's
16  practice for collection and processing of correspondence and pleadings for mailing. It is
    deposited with the United States Postal Services on that same day in the ordinary course of
17  business.

18  ___X___ **BY UPS INTERNATIONAL COURIER SERVICE:** I caused such envelope(s) to be
    delivered via UPS International courier service to the addressee(s) designated.

19
        I declare under penalty of perjury under the laws of the State of California that the
20  foregoing is true and correct.

21      Executed at Oakland, California, on September 3, 2008.

22
                                        ___/s/ Kathleen Hayes___
23                                      Kathleen Hayes

24

25

26

27

28