IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA E. SUGUITAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES PENSION FUND,<br><br>    Defendant.<br>_____/ | No. C 07-05113 JSW<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE TO RE-FILING** |

Defendant San Francisco Culinary Bartenders and Service Employees Pension Fund ("Defendant") has filed what purports to be a motion for summary judgment. However, upon review of the entire filings in the record, the Court notes that the motion itself indicates that it is filed pursuant to Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* Br. at 1.) Although the motion also indicates that it moves on the ground that there is no genuine issue as to any material fact, the standard under the appropriate Federal Rule 56, the Court is concerned that because Plaintiffs appear *pro se* and has opposed the motion referencing the standard under Rule 12(b)(6) as well as having submitted no evidence to the Court, that Defendant's motion engendered confusion.

Therefore, the Court DENIES the motion for summary without prejudice to Defendant re-noticing and re-drafting such a motion to indicate the proper standard. Therefore, the hearing date of September 19, 2008 is HEREBY VACATED.

1   Plaintiffs should be aware that failure to oppose a proper motion for summary judgment
2   may result in the dismissal of this case with prejudice.  A motion for summary judgment under
3   Rule 56 of the Federal Rules of Civil Procedure will, if granted, end Plaintiff's case.  *See Rand*
4   *v. Rowland* 154 F.3d 952, 953-54 (9th Cir.1998) (en banc).  A principal purpose of the summary
5   judgment procedure is to identify and dispose of factually supported claims.  *See Celotex Corp.*
6   *v. Cattrett*, 477 U.S. 317, 323-24 (1986).  In order to withstand a motion for summary
7   judgment, the opposing party must set forth specific facts showing that there is a genuine issue
8   of material fact in dispute.  Fed. R. Civ. P. 56(e).  A dispute about a material fact is genuine "if
9   the evidence is such that a reasonable jury could return a verdict for the nonmoving party."
10  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  In the absence of such facts, "the
11  moving party is entitled to a judgment as a matter of law." *Celotex Corp*., 477 at 323.  In
12  opposing summary judgment, Plaintiff is not entitled to rely on the allegations of his complaint.
13  *See* Fed. R. Civ. P. 56(e); *cf. S. A. Empresa de Viacao Aerea Rio Grandense* (*Varig Airlines*) *v.*
14  *Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982) (stating that "a party cannot
15  manufacture a genuine issue of material fact merely by making assertions in its legal
16  memoranda").  Rather, Plaintiff's response must set forth specific facts supported by admissible
17  evidence, i.e., affidavits or certified deposition testimony, showing that there is a genuine issue
18  for trial.  *See id.*; *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting
19  *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995), and stating that it is not a
20  district court's task to "scour the record in search of a genuine issue of triable fact").  If
21  Defendant re-files the motion and summary judgment is granted, Plaintiffs' case will be
22  dismissed and there will be no trial.  *See Rand v. Rowland* 154 F.3d at 953-54.

25  **IT IS SO ORDERED.**
26  Dated:  September 9, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA E. SUGUITAN et al, | Case Number: CV07-05113 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES PENSION FUND et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John E. Suguitan
2509 La Union
Gonzales, Tubao
Phillipines,  601

Juanita Suguitan
2509 La Union
Gonzales, Tubao
Phillipines,  601

Dated: September 9, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk