IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA E. SUGUITAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAN FRANCISCO CULINARY<br>BARTENDERS AND SERVICE<br>EMPLOYEES PENSION FUND,<br><br>    Defendant._____/ | No. C 07-05113 JSW<br><br>**ORDER SETTING BRIEFING SCHEDULE RE MOTION FOR SUMMARY JUDGMENT** |

Defendant San Francisco Culinary Bartenders and Service Employees Pension Fund ("Defendant") has now filed a proper motion for summary judgment and set the hearing date for **November 14, 2008 at 9:00 a.m.**

The Court ORDERS that an opposition to the motion shall be filed by no later than **October 17, 2008** and a reply brief shall be filed by no later than **October 24, 2008**. Failure to oppose the motion may result in **dismissal** of this action.

Again, Plaintiffs should be aware that failure to oppose a proper motion for summary judgment may result in the dismissal of this case with prejudice. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end Plaintiff's case. *See Rand v. Rowland* 154 F.3d 952, 953-54 (9th Cir.1998) (en banc). A principal purpose of the summary judgment procedure is to identify and dispose of factually supported claims. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). In order to withstand a motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact in dispute. Fed. R. Civ. P. 56(e). A dispute about a material fact

is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp.*, 477 at 323. In opposing summary judgment, Plaintiffs are not entitled to rely on the allegations of their complaint. *See* Fed. R. Civ. P. 56(e); *cf. S. A. Empresa de Viacao Aerea Rio Grandense* (*Varig Airlines*) *v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda"). Rather, Plaintiffs' response must set forth specific facts supported by admissible evidence, i.e., affidavits or certified deposition testimony, showing that there is a genuine issue for trial. *See id.*; *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995), and stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If summary judgment is granted, Plaintiffs' case will be dismissed and there will be no trial. *See Rand v. Rowland* 154 F.3d at 953-54.

**IT IS SO ORDERED.**

Dated: September 24, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JUANITA E. SUGUITAN et al,

      Plaintiff,

  v.

SAN FRANCISCO CULINARY BARTENDERS AND SERVICE EMPLOYEES PENSION FUND et al,

      Defendant.

Case Number: CV07-05113 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John E. Suguitan
2509 La Union
Gonzales, Tubao
Phillipines,   601

Juanita Suguitan
2509 La Union
Gonzales, Tubao
Phillipines,   601

Dated: September 24, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk